(May 15, 1995)

■ In the Matter of KEITH A. GOURLAY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [626 NYS2d 577] —Per Curiam. Respondent was admitted to practice by the Appellate Division, First Department, in 1949. For many years, until his retirement from practice in August 1994, respondent maintained an office for the practice of law in Oneonta in Otsego County.

Respondent retired in part due to health problems which began in 1985 and which may have adversely influenced his conduct. During this period, respondent neglected the case of one client who confronted respondent in his office on October 18, 1993. At respondent's suggestion, he and the client drove to respondent's cabin. Respondent misled the client to believe he was going to meet an expert with information relevant to his case. Once in the cabin, respondent committed an unprovoked assault upon the client. Respondent was charged with assault, third degree (Penal Law § 120.00 [1]) and on April 5, 1994, he pleaded guilty to disorderly conduct (Penal Law § 240.20). He was fined $250 and sentenced to a one-year conditional discharge. He was also ordered to continue the counseling which had begun after the assault until his counselor felt it was no longer necessary.

By petition dated October 4, 1994, the Committee on Professional Standards charged respondent, based upon the above facts, with violation of the Code of Professional Responsibility DR 1-102 (A) (3), (4), (5) and (8) (22 NYCRR 1200.3 [a] [3], [4], [5], [8]). After a hearing, the Referee sustained the charges and recommended leniency in the imposition of a disciplinary sanction. Petitioner moves to confirm the report. Respondent does not oppose petitioner's motion but requests that the Court take special note of mitigating evidence he submitted.

In addition to the evidence of his health problems, respondent submitted character affidavits and testimony from many Oneonta attorneys. The clear import of these testimonials is that an assault by respondent was very uncharacteristic behavior and that he has enjoyed an excellent personal and professional reputation among his colleagues. Respondent also submitted evidence of his settlement of a civil suit brought by his client satisfying charges of neglect of his case and the assault.

We confirm the Referee's report and conclude that, in view of the mitigating circumstances presented, respondent should be censured.

Cardona, P. J., Mercure, White, Yesawich Jr., and Peters, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted and that respondent be and. hereby is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent be and hereby is censured.